James H. RUSSELL et al., Defendants,
Appellants,

v.

Helen GONYER, Administratrix, Plaintiff, Appellee.

No. 5411.

United States Court of Appeals
First Circuit.

March 30, 1959.

Franklin R. McKay, Attleboro, Mass., with whom John G. Carroll and Carroll & Dwyer, Providence, R. I., were on the brief, for appellants.

Walter J. Hennessey, Providence, R. I., with whom Albert Lisker and Milton Bernstein, Providence, R. I., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

Properly invoking the diversity jurisdiction conferred in Title 28 U.S.C. § 1332(a)(1), the plaintiff-appellee brought an action in the court below under the Rhode Island wrongful death act to recover damages for the death of her husband, which occurred when an automobile owned and operated by him and a tractor-trailer unit owned by the defendant-appellant, Russell, and operated by his employee, the defendant-appellant, Reynolds, collided at an intersection of public highways in Rhode Island. The court below after trial without a jury found on its analysis of the evidence that the decedent had not been guilty of any negligence that contributed to the collision and his death, and that the "sole and proximate cause of the accident and death of the decedent was the negligence of the defendant Reynolds in failing to

operate and control the tractor and trailer in a reasonably careful manner" [160 F.Supp. 539] under the circumstances existing at the time of the accident. There being no question but that at the time of the collision Reynolds was operating his employer's vehicle within the scope of his employment, the court entered the judgment for the plaintiff against both defendants from which this appeal has been taken.

With a quite inconsequential exception, the appellants' entire argument in this court consists of an attack on the District Court's findings of fact. In principal part their contention is that that court erred in giving credence to the testimony of an impartial witness to the collision for the reason that the testimony of that witness conflicts and is inconsistent with physical facts as established by certain photographs and measurements showing the damage to the vehicles, their position after the accident and the location of tire marks and such matters on the highway. That is to say, their argument is that the testimony of the witness should have been altogether disregarded as a matter of law for the reason that his estimates of time, speed and distance cannot be made to fit the physical facts established by objective evidence. The argument is as insubstantial as a house built upon the sand. It is well known that a lay witness' estimates of time, speed and distance, particularly those made in a flash at the moment of occurrence of a dramatic event, are almost certain to be inaccurate and for that reason are not to be relied upon implicitly. With this in mind the court was entitled to accept the testimony of the witness as painting a general picture of the event, even though his testimony could not be made to coincide in every detail with established physical facts.

It will suffice for us to say that examining the record, and according due regard " * * * to the opportunity of the trial court to judge of the credibility of the witnesses," we are convinced that the findings of fact made in this case are not "clearly erroneous." Rule 52(a) F.R.Civ.P., 28 U.S.C.

A judgment will be entered affirming the judgment of the District Court.